T.C. Memo. 1998-174


UNITED STATES TAX COURT


CHARLES E. SHEPHERD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4205-97.                          Filed May 12, 1998.


Charles E. Shepherd, pro se.

<u>David Choi</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Respondent determined a $20,066 deficiency and a $4,013 accuracy-related penalty for 1993.  All section references are to the Internal Revenue Code in effect for 1993, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The issues for decision are:

1.  Whether petitioner is entitled to deductions for business expenses.  We hold that he is to the extent provided below.

2.  Whether petitioner is entitled to certain itemized deductions.  We hold that he is to the extent provided below.

3.  Whether petitioner is entitled to a credit for Federal tax paid on fuel.  We hold that he is not.

4.  Whether petitioner is liable for an accuracy-related penalty.  We hold that he is.

Petitioner resided in Evanston, Illinois, at the time he filed his petition.  During 1993, petitioner worked as a traveling salesperson, driving to various sites and selling peanuts, candy, soda, pastries, and other snacks out of his automobiles.  He also sold Bibles and secondhand clothing.

Petitioner filed in a timely manner his 1993 Federal income tax return.  On Schedule C of the return, he reported $61,250 of gross receipts, $11,975 of "other income" (i.e., relating to fuel credits), and $37,100 of expenses.  On Schedule A, he claimed $27,018 of deductions.  In the notice of deficiency, respondent disallowed all of petitioner's Schedule C expenses and the following Schedule A deductions:  $4,100 of taxes, $3,300 of charitable contributions, $13,850 of casualty losses, and $1,000 of miscellaneous deductions.  In addition, respondent disallowed

an $11,975 credit, and the $11,975 of "other income" on Schedule C, that petitioner claimed for Federal tax paid on fuel.

Petitioner, who has the burden of proof, <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933), contends that respondent erred in disallowing the expenses and deductions claimed on his return. In an attempt to substantiate his expenses and deductions, petitioner submitted a disorganized assortment of receipts. The vast majority of these receipts relate either to personal expenses or to cost of goods sold, which respondent allowed in full. Petitioner did, however, substantiate $255 of charitable contributions and $1,842.58 of expenses relating to the business use of his automobiles. Petitioner is not entitled to the other expenses and deductions that he claimed.

Petitioner contends that he is entitled to a credit for fuel excise taxes that he allegedly paid. Section 34(a) allows a credit for excise tax paid with respect to gasoline used for certain "qualifying purposes" such as farming, off-highway use, and public transportation. On Form 4136, petitioner claimed a fuel tax credit relating to 99,000 gallons of gasoline that he allegedly purchased. Petitioner failed, however, to establish a "qualifying purpose". Accordingly, petitioner is not entitled to the section 34 credit.

Petitioner contends that respondent should not have imposed an accuracy-related penalty. Section 6662 imposes an accuracy-

related penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b). Section 1.6001-1(a), Income Tax Regs., requires taxpayers to keep adequate records of their deductions and expenses. Petitioner disregarded this regulation. In addition, petitioner failed to exercise due care in claiming a tax credit for the alleged purchase of 99,000 gallons of gasoline. Accordingly, petitioner is liable for the accuracy-related penalty.

All other contentions raised by the parties are either moot or without merit.

To reflect the foregoing,

<u>Decision will be entered pursuant to Rule 155</u>.